THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN J. KEATING, Plaintiff in Error.

*Opinion filed October 28, 1910—Rehearing denied Dec. 7, 1910.*

1. COURTS—*effect of statute adjourning court if no judge attends before four o'clock of second day of term.* The effect of the provision of section 17 of the act in relation to the circuit and superior courts of Cook county, that if no judge shall attend before four o'clock in the afternoon of the second day of the term the court shall stand adjourned until the next succeeding term, is to make the second day of the term end at four o'clock, unless a judge is in attendance before then.

·2. CRIMINAL LAW—*when record affirmatively shows that criminal court convened at the proper time.* A record showing that the criminal court of Cook county convened "on the first Tuesday, being the seventh day of September in the year of our Lord one thousand nine hundred and nine," which was the second day of the term, affirmatively shows that the court was convened before four o'clock in the afternoon of such day, since otherwise the recital in the record would be untrue. .

3. INSTRUCTIONS—*it is not error to refuse an argumentative instruction.* An instruction which is argumentative may be properly refused.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

CHARLES E. ERBSTEIN, for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (JEREMIAH SULLIVAN, and D. G. THOMPSON, of counsel,) for the People.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

Plaintiff in error was found guilty of rape, by a jury in the criminal court of Cook county, at the September term, 1909, and his punishment was fixed at a term in the penitentiary for twelve years. After overruling a motion

for a new trial and in arrest of judgment the court pronounced sentence in accordance with the verdict of the jury. Plaintiff in error has sued out a writ of error from this court for the purpose of obtaining a review of the record of the trial court.

It is not contended by plaintiff in error that the verdict is not supported by the evidence. Two questions are presented for our consideration.

Plaintiff in error contends that the convening order of the court fails to show that the term of court at which the judgment was pronounced was duly convened within the time provided by the statute. The statute provides that the terms of the criminal court of Cook county shall commence on the first Monday of every month. (Hurd's Stat. 1909, chap. 37, sec. 77.) Section 52 of said chapter 37 provides: "If there is no judge attending on the day appointed for the commencement of any regular or special term of court, the court shall stand adjourned until the next day, and should a judge of such court not attend by four o'clock in the afternoon of the second day of the term, the court shall stand adjourned until the next succeeding term of the court." The first Monday of September, 1909, was the sixth day of the month. The *placita* for the September term of the criminal court of Cook county recites that the term was "begun and held at the criminal court house, in the city of Chicago, in said county, on the first Tuesday, being the seventh day of September, in the year of our Lord one thousand nine hundred and nine." The plaintiff in error contends that the convening order is defective, in that it fails to show affirmatively that the judge appeared and opened court before four o'clock in the afternoon of the second day of the term. The argument in support of this contention is, that the record must show affirmatively that the court was convened at the time and place prescribed by law, and that no presumption can be indulged in support of the regularity of the court's pro-

ceedings until the fact is shown that the court was legally convened. It is said that for all that appears upon the face of the record the court may have convened after four o'clock in the afternoon of September 7, and in that event all the proceedings of that term of court would be void. Conceding that the term would have lapsed had a judge not appeared before four o'clock in the afternoon of the second day of the term and that this fact should appear on the face of the record, we are of the opinion that this record is complete and shows all that is necessary under the statute. The record here recites that the term convened on Tuesday, the seventh day of September, 1909. Any time during that day, before four o'clock in the afternoon, the court could have been lawfully convened. The word "day" ordinarily means twenty-four hours, from midnight until the following midnight. But the word does not always refer to this period of time. It is frequently used to designate the time from sunrise to sunset, and it is within the power of the legislature to declare what shall constitute a day for particular purposes. Thus we have a statute which provides that eight hours of labor between the rising and setting of the sun, in all mechanical trades, arts and employments, shall constitute and be a legal day's work when there.is no special contract or agreement to the contrary. Under the statute the word "day" in contracts of employment for services in the industries to which the statute applies would mean eight hours. We think that the statute, which provides that if a judge does not appear before four o'clock in the afternoon of the second day of the term the term shall lapse, has the effect of fixing the limit of time when the second day of the term shall end for the purpose of convening the court. When the hour of four o'clock in the afternoon arrives the day is ended for the purpose of convening the court. If the statute had provided that if no judge appeared on the second day to open court the term should lapse, the time would not expire until midnight of

the second day, and parties interested could not know until twelve o'clock at night whether a term of court would be convened unless a judge should appear. Manifestly, it was for the purpose of obviating the inconvenience that would thus be imposed upon persons interested in the term of court that the legislature passed the act making the second day of the term end at four o'clock in the afternoon for the purpose of convening the terms of court. Since the word "day" in this connection means that portion of time from midnight, the close of the first day, until four o'clock in the afternoon of the second day of the term, the convening order, which recites that the court convened on Tuesday, the seventh day of September, means that the court convened before the legal expiration of the second day. If the court had convened after four o'clock, the recital that it convened on the second day of the term would have been untrue, since the second day expired for that purpose at four o'clock. It therefore affirmatively appears that the court was properly convened within the time prescribed by statute.

Plaintiff in error next contends that the court erred in refusing to give the following instruction to the jury at his request:

"In passing upon the credibility of the defendant, John Keating, as a witness, while you may, indeed, take into consideration the fact that he is interested in the result of this prosecution, yet you should not refuse to fairly consider his testimony merely because of such interest. The testimony of a defendant may be of greater weight than the testimony of all the other witnesses in the case put together if the jury consider it entitled to such weight, even where he is contradicted by other witnesses in material parts of his testimony and is corroborated by none. And in this case you should give Keating the benefit of any reasonable doubt of guilt, if any you have, whether such doubt arises from the testimony of Keating or from any other

evidence in the case, when all the evidence is considered together."

There was no error in refusing this instruction, as it was argumentative.

There are no other reasons urged for a reversal of this judgment. The judgment will be affirmed.

*Judgment affirmed.*